UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AVA GUCCIARDO, an infant under the age of 18 by her mother and natural guardian, JENNIFER GUCCIARDO,

        Plaintiff,

   -against-

PALACE RESORTS, INC., PALACE RESORTS TRAVEL, INC., PALACE HOLDING, S.A. de C.V., PALACE RESORTS, S.A. de C.V., PALACE PREMIER, S.A. de C.V., PALACE RESERVATIONS, S.A. de C.V.,

"XYZ CORPORATION", "JOHN DOE" and "JANE DOE",

        Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

CIVIL ACTION NO.:

**JURY TRIAL DEMANDED**

  Plaintiff, Ava Gucciardo ("Ava"), an infant under the age of 18, by her mother and natural guardian, Jennifer Gucciardo, and by her attorneys, Holihan & Associates, P.C., complaining of Defendants herein, respectfully shows to the Court and alleges as follows:

## OVERVIEW

1. Ava, an infant under the age of 18, is suing a group of United States and Mexican companies after she slipped and fell and was caused to be injured as a result of defective and broken tiles in the swimming pool area while on vacation at Palace Resorts' Moon Palace Golf & Spa Resort in Cancun, Mexico.

## PARTIES AND PERSONAL JURISDICTION

2. That at all times hereinafter mentioned, Plaintiff was and still is a resident of the county of Queens, city and state of New York.

3. Upon information and belief, that at all times hereinafter mentioned, Defendant Palace Resorts, Inc. ("Palace Resorts"), was and still is a foreign corporation doing business in the State of New York.

4. Upon information and belief, that at all times hereinafter mentioned, Defendant Palace Resorts, operated the premises Moon Palace Golf & Spa Resort, in the city of Cancun, state of Quintana Roo, country of Mexico.

5. Upon information and belief, that at all times hereinafter mentioned, Defendant Palace Resorts, maintained the premises Moon Palace Golf & Spa Resort, in the city of Cancun, state of Quintana Roo, country of Mexico.

6. Upon information and belief, that at all times hereinafter mentioned, Defendant Palace Resorts, managed the premises Moon Palace Golf & Spa Resort, in the city of Cancun, state of Quintana Roo, country of Mexico.

7. Upon information and belief, that at all times hereinafter mentioned, Defendant Palace Resorts, controlled the premises Moon Palace Golf & Spa Resort, in the city of Cancun, state of Quintana Roo, country of Mexico.

8. Upon information and belief, that at all times hereinafter mentioned, Defendant Palace Resorts Travel, Inc. ("Palace Resorts Travel"), was and still is a foreign corporation doing business in the State of New York.

9. Upon information and belief, that at all times hereinafter mentioned, Defendant Palace Resorts Travel, operated the premises Moon Palace Golf & Spa Resort, in the city of Cancun, state of Quintana Roo, country of Mexico.

10. Upon information and belief, that at all times hereinafter mentioned, Defendant Palace Resorts Travel, maintained the premises Moon Palace Golf & Spa Resort, in the city of Cancun, state of Quintana Roo, country of Mexico.

11. Upon information and belief, that at all times hereinafter mentioned, Defendant Palace Resorts Travel, managed the premises Moon Palace Golf & Spa Resort, in the city of Cancun, state of Quintana Roo, country of Mexico.

12. Upon information and belief, that at all times hereinafter mentioned, Defendant Palace Resorts Travel, controlled the premises Moon Palace Golf & Spa Resort, in the city of Cancun, state of Quintana Roo, country of Mexico.

13. Upon information and belief, that at all times hereinafter mentioned, Defendant Palace Holding, S.A. de C.V. ("Palace Holding"), is a Mexican corporation in the business of hotel operations, hotel management, and stock holding, and operates the trade name of Palace Resorts, a group of "luxury" resorts located in Mexico and the Caribbean, whose primary target market is U.S. vacationers.

14. Upon information and belief, that at all times hereinafter mentioned, Defendant Palace Resorts, S.A. de C.V. ("PRSA") is a Mexican corporation, which operates, manages, and controls Moon Palace Golf & Spa Resort ("Moon Palace"), a resort located in Cancun, Mexico.

15. Upon information and belief, that at all times hereinafter mentioned, Defendant Palace Premier, S.A. de C.V. ("Palace Premier") is a Mexican corporation within the Palace Resorts corporate group which handles timeshare sales at Moon Palace.

16. Upon information and belief, that at all times hereinafter mentioned, Defendant Palace Reservations, S.A. de C.V. ("Palace Reservations") is a Mexican

corporation within the Palace Resorts corporate group that, among other things, handles certain aspects of customer reservations and signs hotel room bulk sales agreements with U.S. travel agencies.

17. Defendants Palace Resorts, Palace Resorts Travel, Palace Holding, PRSA, Palace Premier and Palace Reservations, share offices, personnel, and financial resources, and act as joint enterprises and as agents for each other, and did so at all pertinent times herein.  Each of them is principally controlled and managed by Roberto Chapur, who lives and works in Miami, Flordia.

## SUBJECT MATTER JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1332 because the matter exceeds seventy-five thousand dollars ($75,000.00) in value, and there is complete diversity between Plaintiff and Defendants.

19. This Court has jurisdiction over all Defendants pursuant to New York Civil Practice Law § 302 as Defendants transact business within the state of New York.

20. Venue is proper in the United States District Court, Eastern District of New York, pursuant to 28 U.S.C. § 1391(c).

## GENERAL ALLGATIONS

21. In or around April 2009, Plaintiff went on vacation with her mother, father, sisters and extended family to Moon Palace Golf and Spa Resort ("Moon Palace") in Cancun, Mexico.

22. Ava's family was attracted by the low price vacation packages and amenities that were offered to them.

23. Unbeknownst to Ava's family, Moon Palace was a time share resort.

24. In order to offer low price vacation packages and amenities to attract U.S. customers, for the purposes of selling timeshares, Defendants cut corners elsewhere as evidenced by the fact that the swimming pool area was poorly maintained and caused to fall into a state of disrepair.

25. Defendants failed to make requisite repairs and allowed for tiles to become broken, jagged or serrated and remain open, exposed or uncovered at or near the swimming pool area.

26. On April 12, 2009, at approximately 12:00 noon, while playing in the shallow end of the swimming pool with her cousins and other family members, Ava slipped and fell and banged her right leg and knee against an area of broken, jagged and serrated tiles which were left open, exposed and uncovered, causing Ava to suffer serious personal injury.

27. As a result of her injury, Ava was transported to and treated at a nearby medical facility.

28. Ava was three years old at the time of the occurrence.

29. Ava, traumatized by the occurrence, has been suffering physical, mental, and emotional injuries. She has received medical treatment and therapy since her return from Mexico. Her accident still troubles her and her family.

30. While Ava and her family continue to suffer, Palace Resorts does nothing to comfort them; seemingly secure in knowing that they and their lawyers have created a labyrinth of interconnected corporate entities designed to prevent people like Ava from ever obtaining justice or an appropriate recovery for the personal injuries that she sustained.

## **NEGLIGENCE**

31. That on or about April 12, 2009, while Plaintiff was lawfully and properly at or about the swimming pool area at the premises known as Moon Palace Golf & Spa Resort, in the city of Cancun, state of Quintana Roo, country of Mexico, she was caused to slip and fall and sustain serious personal injury as a result of defective and broken tiles creating a dangerous condition.

32. That on or about April 12, 2009, Defendants, their agents, servants and/or employees negligently and carelessly maintained said swimming pool area and said premises in such a haphazard and negligent manner as to cause the same to become defective and broken and remain in an unsafe, improper and dangerous condition, which consisted of a trap and nuisance as well as a negligent and improper condition of which Defendants had due notice, or by the use of reasonable care and inspection therein, might and should have had due notice, as well as a negligent and improper condition which was caused and created by Defendants.

33. Upon information and belief, that at all times hereinafter mentioned, it was the duty of Defendants, their agents, servants, and/or employees to maintain the aforesaid premises and swimming pool area in a safe, proper, lawful and careful manner, so that the same would not be dangerous to persons lawfully on said premises and to keep the same from defaults, traps and conditions constituting a danger and menace to persons lawfully and properly therein.

34. That said accident and resulting injuries to Plaintiff were caused solely and wholly by reason of carelessness, recklessness and negligence of Defendants, without any negligence of Plaintiff contributing thereto.

35. That by reason of the aforesaid, Plaintiff was rendered sick, sore, lame and disabled, and was unable to attend to her usual duties for a considerable time, required medical aid and attention, suffered grievous physical pain and mental anguish.

WHEREFORE, Plaintiff Ava Gucciardo demands a money judgment against Defendants for physical, mental, and emotional pain and suffering resulting from Defendants' negligent conduct, and for any other relief this Court deems just and proper.

Dated:  Richmond Hill, New York
         April 11, 2013

By: Nazareth Markarian, Esq.
HOLIHAN & ASSOCIATES, P.C.
Attorneys for Plaintiff
135-24 Hillside Avenue
Richmond Hill, NY 11418
718-487-4468