**P R E S E N T :**
Hon. Steven M. Gold, United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
A.G., an infant under the age of 18 by her mother
and natural guardian, JENNIFER GUCCIARDO,           Docket #: 13-cv-2252 (CBA)

                                 Plaintiff,           INFANT'S COMPROMISE
                                                   ORDER
           -against-

PALACE RESORTS, INC., PALACE RESORTS TRAVEL,
INC., PALACE HOLDING, S.A. de C.V., PALACE
RESORTS, S.A. de C.V., PALACE PREMIER, S.A. de C.V.,
PALACE RESERVATIONS, S.A. de C.V.,

"XYZ CORPORATION", "JOHN DOE" and "JANE DOE",

                                 Defendants.
----------------------------------------------------------------X

Upon reading and filing the affidavit of JENNIFER GUCCIARDO, mother and natural guardian of the infant herein, duly sworn to and verified on March 16, 2015, the affirmation of NAZARETH MARKARIAN, ESQ., attorney for Plaintiff(s), dated March 13, 2015, and it appearing that the infant is 9 years of age, having been born on _____ _____, 2005, and the infant, the parent and their attorney having appeared before the court, and it appearing that the best interests of the said infant will be served,

NOW, on motion of NAZARETH MARKARIAN, ESQ. attorney for the plaintiff(s), it is,

**ORDERED**, that the parent, JENNIFER GUCCIARDO, be and hereby is authorized to enter into a compromise of the infant's claim herein upon the following terms, to wit: PALACE RESORTS, INC., PALACE RESORTS TRAVEL, INC., PALACE HOLDING, S.A. de C.V., PALACE RESORTS, S.A. de C.V., PALACE PREMIER, S.A. de C.V., PALACE RESERVATIONS, S.A. de C.V., "XYZ CORPORATION," "JOHN DOE" and "JANE DOE"

pay the sum of $15,000.00 in settlement of the infant's claim herein.

That out of said sum there be paid to HOLIHAN & ASSOCIATES, P.C., attorneys for the infant plaintiff, a $4,832.33 legal fee and $503.00 in costs and disbursements totaling **$5,335.33** in full settlement of the attorneys' claim for compensation and services; and it is further,

**ORDERED**, that the balance, to wit: The sum of **$9,664.67** shall be paid by the defendant(s) to the parent of the said infant to be held for the sole use and benefit of the said infant, jointly with an officer of the

located at

to be deposited in said bank in the highest interest bearing account at said bank either in Certificate of Deposit or Money Market Account, date of maturity not to exceed the infant's 18th birthday, on

_____, 2023, in the name of said parent to the credit of the said infant, subject to the further order of this court, and it is further,

**ORDERED**, that said depository wherein the proceeds of such compromise and settlement shall be held, shall pay over all monies held in the account to the infant, upon demand and without further court order, when the infant reaches the age of eighteen years, on _____, 2023 upon presentment of proper proof thereof to such depository, and it is further,

**ORDERED**, that conditioned upon compliance with the terms of this order, the parent be and hereby is authorized and empowered to execute and deliver a general release and any other instruments necessary to effectuate the settlement herein and that the filing of a bond is hereby waived.

**E N T E R:**

**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
A.G., an infant under the age of 18 by her mother
and natural guardian, JENNIFER GUCCIARDO,

Docket #: 13-cv-2252 (CBA)

Plaintiff,

**AFFIRMATION OF ATTORNEY**

-against-

PALACE RESORTS, INC., PALACE RESORTS TRAVEL,
INC., PALACE HOLDING, S.A. de C.V., PALACE
RESORTS, S.A. de C.V., PALACE PREMIER, S.A. de C.V.,
PALACE RESERVATIONS, S.A. de C.V.,

"XYZ CORPORATION", "JOHN DOE" and "JANE DOE",

Defendants.
-----------------------------------------------------------------X

NAZARETH MARKARIAN, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York, affirms the truth of the following, under the penalties of perjury:

I am the attorney for the plaintiff(s), and as such, I am fully familiar with the facts and circumstances hereinafter contained. The source of my knowledge is the file maintained by my office in the course of handling this action.

I am not related to the infant herein or to any party in this action or proceeding.

An action is pending in the within Court.

On March 31, 2010 the plaintiff's mother retained our office by written retainer to represent the infant herein. By terms of the retainer our office is to receive, for legal services rendered on behalf of the infant, 33 and 1/3 % of the total recovery by the infant.

On March 30, 2011, a statement of retainer was filed with the Judicial Conference and received code number 6807792.

The above named infant sustained personal injuries as a result of an accident which occurred

on April 12, 2009 in the following manner:

On April 12, 2009, the infant plaintiff was a guest at Defendants' vacation resort located in Cancun, Mexico when she was caused to slip/trip and fall in an area where pool ceramics and tiles were in disrepair and broken. As a result of said accident the infant plaintiff sustained the following injuries: Right knee laceration with subsequent scarring. The laceration of her knee had immediate repair while away in Mexico.

The infant plaintiff's mother has informed our office that the infant has fully and completely recovered from the injuries sustained in the accident and that there is no disability, defect, or impairment of any nature whatsoever as a result of the injuries sustained therein (see annexed affidavit).

At the end of lengthy negotiations for the settlement of this matter I received an offer from Defendants in the sum of $15,000.00 to settle the infant's cause of action for personal injuries.

I believe that this offer is fair, compensatory and in the best interests of the infant.

I have recommended the acceptance of the offer to compromise for the following reasons:

That she suffers no residual effects from the injuries of the accident and the parent of the infant plaintiff and I believe that the settlement is fair and equitable and should be accepted in the best interest of the infant plaintiff. That I believe that the sum of $15,000.00 is the right amount that the defendants and the insurance company would offer under the circumstances in order to settle this compromise and claim.

The following services were rendered in this matter: I conducted a full and complete investigation of the facts of this matter, interviewed witnesses, negotiated this settlement offer, commenced the lawsuit, prepared these compromise papers and will prepare general releases and arrange for the disposition of the settlement proceeds.

In accordance with the terms of the retainer herein, I respectfully ask the court to fix the legal fee at $4,832.33 which is the fair and reasonable value of the legal services rendered and $503.00 in costs and disbursements.

Neither I, nor any member of my law firm, became concerned in the outcome of this matter at the insistence of a party or person opposing, or with interests adverse to the infant, directly or indirectly, nor received, nor will receive, any compensation from such party, nor represented and do not now represent any other person asserting a claim arising from the same occurrence.

No previous application for the relief sought herein has been made to this or to any court.

**WHEREFORE**, your deponent prays the court to make and enter an order herein for the relief sought.

I state under the penalties of perjury that the statements herein made are true, except as to such statements that are based upon information and belief, which statements I believe to be true.

_____
**NAZARETH MARKARIAN, ESQ.**

Dated:   March 13, 2015
         Richmond Hill, New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
A.G., an infant under the age of 18 by her mother
and natural guardian, JENNIFER GUCCIARDO,

Docket #: 13-cv-2252 (CBA)

                            Plaintiff,

**AFFIDAVIT**

                -against-

PALACE RESORTS, INC., PALACE RESORTS TRAVEL,
INC., PALACE HOLDING, S.A. de C.V., PALACE
RESORTS, S.A. de C.V., PALACE PREMIER, S.A. de C.V.,
PALACE RESERVATIONS, S.A. de C.V.,

"XYZ CORPORATION", "JOHN DOE" and "JANE DOE",

                            Defendants.
-----------------------------------------------------------------X

STATE OF NEW YORK    )
      ss:
COUNTY OF QUEENS    )

**JENNIFER GUCCIARDO,** being duly sworn, deposes and says:

I am the mother and natural guardian of the infant.

I reside at 161-30 88th Street, Howard Beach, New York 11414.

The infant resides at 161-30 88th Street, Howard Beach, New York 11414.

The infant is 9 years of age, having been born on _____, 2005.

The circumstances giving rise to this action are as follows:

On April 12, 2009, the infant plaintiff was a guest at Defendants' vacation resort located in Cancun, Mexico when she was caused to slip/trip and fall in an area where pool ceramics and tiles were in disrepair and broken. As a result of said accident the infant plaintiff sustained the following injuries: Right knee laceration with subsequent scarring. The laceration of her knee had immediate repair while away in Mexico.

The nature and extent of the damages sustained by the infant are as follows:

- Right knee laceration;
- Right knee scarring.

As a result of the injuries sustained, the infant was not totally disabled for any length of time. The infant was not employed at the time of the accident and has no lost wages. The infant was a student but did not lose time from school as a result of the accident.

On or about March 31, 2010, I retained HOLIHAN & ASSOCIATES, P.C. and agreed that compensation in the event of recovery would be 33 and 1/3% of the amount so recovered on behalf of the infant.

An action is pending in this Court.

The infant has fully and completely recovered from the injuries sustained in the accident, and there is no impairment or disability of any nature whatsoever as a result of the injuries sustained. My daughter has had no complaints of pain and has resumed a normal, active life.

My attorney has informed me that an offer has been made by Defendant(s) to pay the sum of $15,000.00 in settlement of the infant's claim herein. And the proposed distribution of the settlement is as follows:

**$5,335.33** to HOLIHAN & ASSOCIATES, P.C. as attorney, and the balance, to wit: the sum of **$$9,664.67** to be paid to the infant plaintiff.

I believe that the settlement and proposed distribution is fair, compensatory and in the best interests of the infant. I approve this settlement and proposed distribution and request the Court's approval of the compromise offer rather than risk the uncertainty of and expense of protracted litigation.

No reimbursement for medical or other expenses has been received from any source.

No other claims, action or proceeding has been commenced on behalf of the infant as a result of the accident in which the infant was injured.

I hereby waive any and all claims I may have for loss of services of the infant.

I have no interests in any way adverse to the infant nor have I become concerned or interested herein at the request of the opposing party directly or indirectly. I have not received nor am I to receive any monies from the opposing party, directly or indirectly except as stated above.

No previous application for the relief sought herein has been made to any court or judge.

**WHEREFORE**, I respectfully pray that the court make and enter an order approving and authorizing the compromise as herein set forth and further pray for such other relief as the court may deem fitting and proper.

/s/ JENNIFER GUCCIARDO

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF QUEENS     )

**JENNIFER GUCCIARDO**, being duly sworn, deposes and says:

That I have read the foregoing affidavit, and the statements made therein are true to my knowledge except as to those statements therein stated to be alleged upon information and belief, as to those statement, I believe them to be true.

_____
JENNIFER GUCCIARDO

Sworn to before me this
16 day of March, 2015

_____
NOTARY PUBLIC

NAZARETH MARKARIAN
Notary Public STATE OF NEW YORK
QUEENS COUNTY  02MA6244175
My Commission Expires 07-05-20__